United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Reese M. Jones,<br><br>      Plaintiff,<br>  v.<br><br>Deutsche Bank AG, et al.,<br><br>      Defendants.<br>_____/ | NO. C 04-05357 JW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

## I.  INTRODUCTION

Plaintiff, Reese M. Jones ("Plaintiff" or "Jones"), brings this action against Defendants Deutsche Bank AG and Deutsche Bank Securities, Inc. (collectively "Deutsche Bank"), Chenery Associates; Chenery Associates, Inc.; Chenery Management, Inc.; Chenery Services, Inc. & Chenery Capital, Inc. (collectively "Chenery"), and numerous other individuals and corporations for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, or in the alternative, for violation of the 1934 Securities and Exchange Act, Rule 10(b)(5).  The case centers on a tax shelter, the "CARDS Facility," that has become an unallowable tax transaction.

Defendants Deutsche Bank and Chenery have filed separate motions to dismiss.  A hearing on Defendants' motions to dismiss was set for June 27, 2005.  However, this Court finds it appropriate to take the motions under submission without oral argument pursuant to Civil Local Rule 7-1(b).  Based on the arguments advanced by counsel in their papers, Defendants' Motions to Dismiss are DENIED with regard to the RICO claim, and GRANTED with regard to the PSLRA securities fraud claim.  The Court grants Plaintiff leave to amend the PSLRA securities fraud claim.

## II. BACKGROUND

Plaintiff brings this action against Defendants alleging a violation of RICO, 18 U.S.C. § 1962, or in the alternative, a violation of the 1934 Securities and Exchange Act, Rule 10(b)(5) on securities fraud. Jones claims that Defendants "entered into an arrangement to market and promote" fraudulent tax strategies to high net worth individuals such as Jones, one of which was entitled the "CARDS Facility." (First Amended Complaint, hereinafter "FAC," ¶ 24.) Jones paid for tax and investment services from a company formerly known as myCFO (now Stars Holding Company), which he alleges instructed him to participate in the CARDS Facility. (Id. at ¶ 29.) Jones alleges that Chenery created, promoted, and facilitated the CARDS Facility. (Id. at ¶¶ 33-34.) The tax plan as alleged in Plaintiff's complaint was as follows: A limited liability company ("LLC") would be organized in Delaware. Deutsche Bank would make available a loan, denominated in foreign currency, to the LLC, determined by the amount of loss needed by the taxpayer. The taxpayer, here Jones, would purchase 15-20% of the loan proceeds from the LLC. The taxpayer would then assume joint and several liability to the bank for the loan's *entire* principal and accrued interest. All of the loan's proceeds would remain as security at the bank, leaving the taxpayer with minimal risk. The taxpayer would then sell his portion of the loan proceeds at cost, creating the appearance of a taxable transaction. The taxpayer could then claim the entire loan principal as a tax basis loss, offsetting capital gains. In addition, the loan would represent a revolving line of credit. (Id. at ¶ 31.)

Plaintiff alleges that the CARDS Facility was, in fact, a "complete sham." (Id. at ¶ 57.) Plaintiff alleges that the law firms of LeBouef, Lamb, Greene, & MacRae, LLP ("LeBouef") and Sidley Austin Brown & Wood LLP ("Sidley"), solely motivated by generating large fees, provided "boilerplate letters" promoting the CARDS Facility. (Id. at ¶¶ 35-38.) Jones alleges that he relied on these letters to enter into at least three CARDS Facility transactions on December 20, 2000, March 2001 and November 2002. (Id. at ¶ 39.) Prior to and during the time of these promotions, between December 1999 and March 2002, the Internal Revenue Service issued notices warning that such tax transactions generating "artificial losses" would not be allowable for federal income tax purposes.

2

1  (Id. at ¶¶ 47-51.) Jones filed for amnesty on April 16, 2002, and has paid over $2.4 million in taxes
2  and interest, for tax returns from 2000, 2001 and 2002. (Id. at ¶ 53.)

3  Jones's RICO claim alleges that all Defendants were arranged in "an on-going organization,
4  with an ascertainable structure." (Id. at ¶ 61.) Jones claims Defendants formed an "enterprise" for the
5  purpose of promoting and selling various tax schemes, knowing that the tax schemes would likely be
6  contrary to law. Jones alleges that Defendants engaged in two acts of mail fraud, wire fraud and
7  monetary transactions in property derived from specified unlawful activity. (Id. at ¶ 63.) Jones
8  claims that Defendants continue to engage in such "racketeering activity designed to promote illegal
9  tax shelters." (Id. at ¶ 67.) Finally, Jones claims proximate cause and damages from the alleged
10 injury in the vicinity of $25 million, to be trebled and awarded against Defendants, including Deutsche
11 Bank and Chenery, jointly and severally.

12 Plaintiff's second claim, securities fraud under Rule 10(b)(5), is argued in the alternative. If
13 the CARDS Facility involved a sale of securities, Plaintiff's RICO claim would be barred by the
14 PSLRA. Nonetheless, Plaintiff relies on the facts above to claim that: Defendants knowingly
15 misrepresented the CARDS Facility motivated by the possibility of large fees; Plaintiff relied on these
16 material misrepresentations; and that as a proximate cause of those misrepresentations, Plaintiff was
17 injured in the vicinity of $25 million. (Id. at ¶¶ 75-76.)

18 Plaintiff filed his suit on December 17, 2004, and a first amended complaint (at issue here) on
19 March 17, 2005. Defendants' Deutsche Bank and Chenery bring motions to dismiss under FED. R. CIV.
20 P. 12(b)(6). Deutsche Bank claims that the CARDS Facility involved the sale of securities, which, if
21 true, would bar Plaintiff's RICO claim. (Deutsche Bank Mot. to Dismiss at 3.) Both Defendants also
22 argue that Jones's RICO claim is insufficient on the merits. Finally, both Defendants argue that Jones's
23 securities fraud claim: 1) does not meet the heightened pleading standard for securities fraud under
24 FED. R. CIV. P. 9(b); 2) is time-barred by the applicable statute of limitations; and 3) fails to allege the
25 necessary elements for a securities fraud claim.

3

## III. STANDARDS

In ruling upon a motion to dismiss, this Court must accept all well plead allegations of material fact as true and must construe said allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973). A Rule 12(b)(6) motion to dismiss must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

There is a heightened pleading standard for fraud pursuant to FED. R. CIV. P. 9(b). A pleading is sufficient if it "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). The particularity requirements of Rule 9(b) apply to RICO claims. Id. at 541. In addition, the Private Securities Litigation Reform Act ("PSLRA") demands a heightened pleading standard for actionable securities fraud claims. 17 C.F.R. § 240.10b-5.

## IV. DISCUSSION

Defendants Deutsche Bank and Chenery move to dismiss Plaintiff's amended complaint for failure to state a claim. The Court must strictly adhere to the statute's language, "the conduct of an enterprise through a pattern of racketeering activity," when analyzing Plaintiff's RICO claim. 18 U.S.C. § 1962(c); see Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 2001). Plaintiff's RICO conspiracy claim must allege that Defendants "conspire[d] to violate any of the provisions of subsection (a), (b), or (c) of [section 1962]." 18 U.S.C. § 1962(d). Plaintiff's second claim, securities fraud, must meet the heightened PSLRA standard in pleading a misrepresentation or omission of material fact made with scienter on which a plaintiff justifiably relied that proximately caused the alleged loss. 17 C.F.R. § 240.10b-5; see Binder v. Gillespie, 184 F.3d 1059, 1063 (9th Cir. 1999). Plaintiff satisfies the requisite pleading standard for his RICO claim. However, Plaintiff's securities fraud claim is insufficient under the PSLRA's heightened pleading standard.

United States District Court
For the Northern District of California

**A. Jones Has Sufficiently Plead A RICO Claim Against Both Defendants**

*1. The Court Declines To Decide Whether The CARDS Facility Is A Security*

As a preliminary matter, Defendant Deutsche Bank argues that the PSLRA bars Jones's RICO claim because the CARDS Facility involves the purchase or sale of securities. (Deutsche Bank Mot. to Dismiss at 3.) The PSLRA, as Jones recognizes, prevents a plaintiff from asserting "any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962." See 18 U.S.C. § 1964(c).

Relying solely on the face of the complaint in this 12(b)(6) motion, Plaintiff does mention the use of "promissory notes" by Deutsche Bank. (FAC ¶ 32.) Deutsche Bank claims that "notes are securities." See 15 U.S.C. § 78c(a)(10) (defining a "security" as, among other things, "any note"). The problem with Deutsche Bank's argument is that Plaintiff's complaint explicitly rejects the notion that the CARDS Facility involved a sale of securities. (FAC ¶ 74.) Taking the well plead facts of the complaint as true, the Court must accept Plaintiff's claim, at this stage of the litigation, that the CARDS Facility did not involve the sale of securities. See Reves v. Ernst & Young, 496 U.S. 56, 63 (1990) (interpreting the phrase "any note" in 15 U.S.C. § 78c as not literally meaning "any note," but depending on Congress's goal in enacting the Securities Acts). Moreover, the complex nature of the tax shelter transaction and the limited facts before the Court make the issue more appropriately addressed in a summary judgment motion.

*2. Jones's First Claim Sufficiently Pleads The Requisite Elements Under § 1962(c)*

Plaintiff has plead facts sufficient to satisfy Rule 9(b) for the first element of a § 1962(c) RICO claim, "conduct." RICO requires that the defendant, directly or indirectly, conduct or participate in acts by an enterprise through a pattern of racketeering activity. Sun Savings, 825 F.2d at 194. However, RICO only requires a "nexus" between the enterprise and the racketeering activity. Id. Jones alleges that Deutsche Bank helped develop the CARDS Facility, identified potential purchasers, acted as a lender for a line of credit, and knowingly concealed the illegality of the scheme to Jones. (FAC ¶¶ 24, 32, 40, 50.) Jones further names six Deutsche Bank personnel, and describes in detail

Deutsche Bank's role in the transaction he calls a "sham." (Id. at ¶ 32.) Plaintiff also alleges that Chenery created and promoted the CARDS Facility and provided "kickback fees" to an attorney that helped provide letters claiming the transaction's legitimacy. (Id. at ¶ 37.) Both Defendants are alleged to have "some part in directing" the enterprise's affairs: Chenery, as creator and promoter of the transaction, and Deutsche Bank as promoter, lender and concealer of the transaction's illegality. Thus, the "conduct" element is clearly met for both Defendants. See Reves v. Ernst & Young, 507 U.S. 170, 179 (1993) (requiring a defendant to have some part in directing the enterprise's affairs).

Plaintiff's allegations regarding the second element, "an enterprise," are also sufficient to withstand this 12(b)(6) motion. An enterprise is "... any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An enterprise must have "an on-going organization, formal or informal" and must exhibit "some sort of structure for the making of decisions, whether it be hierarchical or consensual." United States v. Turkette, 452 U.S. 576, 583 (1981); see also Chang v. Chen, 80 F.3d 1293, 1299 (9th Cir. 1996). Jones alleges that Defendants, including Deutsche Bank and Chenery, formed in 1999, functioned as a continuing unit, engaged in activities affecting interstate commerce, met to plan ways to sell the tax strategies to make large fees, and still pose a threat because of continued engagement in such activities. (FAC ¶¶ 20, 62-70.) In addition, the Defendants alleged to be a part of the enterprise, Deutsche Bank and Chenery, each had legal existence of their own, separate from the racketeering activity. This is enough to satisfy the enterprise element's requirement of a separate structure for this 12(b)(6) motion. See United States v. Feldman, 853 F.2d 648, 660 (9th Cir. 1988); see also Chang, 80 F.3d at 1301.

Jones's allegations regarding elements three and four, a "pattern" of "racketeering activity," are less detailed, but are still sufficient to overcome Defendants' motions to dismiss. These elements require a "pattern of at least two racketeering acts," and that the complaint allege that the "racketeering predicates are related, *and* that they amount to a or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989). Plaintiff alleges that his particular CARDS Facility transactions involved two acts of mail fraud, wire fraud and monetary transactions in

property derived from specified unlawful activity." (FAC ¶ 63.) The mail and wire fraud allegations are plead with highly specific detail, satisfying the fraud pleading standard under FED. R. CIV. P. 9(b). The "predicate acts" seem to be part of the single "scheme" at issue in this case, and may amount to a "pattern" on their own. See Sun Savings, 825 F.2d at 193 (agreeing that it is not necessary to show more than one fraudulent scheme or criminal episode to establish a pattern). The FAC goes further, alleging that Defendants sold multiple fraudulent CARDS Facility transactions to Plaintiff, and sold other questionable tax shelter transactions beginning in 1999 and continuing past 2002. (FAC ¶¶ 64-67.) These multiple transactions certainly constitute a "pattern" for the RICO claim, as they are both "related" in purpose and "continuous" in that Plaintiff alleges Defendants continue to engage in such racketeering activity. Finally, Plaintiff alleges a direct causal link between his injury and the alleged violation since his claimed damages result primarily from the CARDS Facility being found an illegal tax shelter by the IRS. (FAC ¶ 70.)

In sum, Plaintiff has sufficiently plead the time, place and specific conduct of misrepresentation necessary for a § 1962(c) claim against both Defendants Deutsche Bank and Chenery. See Moore, 885 F.2d at 541 (Rule 9(b) requires the RICO claim to state the time, place and specific conduct of the false representations as well as the identities of the parties to the misrepresentation). Moreover, because the Court finds that Plaintiff has sufficiently plead the predicate acts and pattern of activity for a § 1962(c) RICO claim, Plaintiff's § 1962(d) RICO claim (conspiracy) is also satisfied. Jones has sufficiently alleged that Defendants "agreed to commit, or participated in, a violation of the two predicate offenses." See Howard v. America Online, Inc., 208 F.3d 741, 751 (9th Cir. 2000) (footnotes omitted); see also United States v. Fernandez, 388 F.3d 1199, 1230 (9th Cir. 2004) ("A defendant may be held liable for conspiracy to violate 1962(c) by knowingly agreeing to facilitate a scheme which includes the operation or management of a RICO enterprise.").

**B. Jones Has Failed To Meet The Heightened Pleading Standard For Securities Fraud**

The Court, at this stage of the litigation, declines to rule on Deutsche Bank's argument that the Cards Facility involves a security, which would make the PSLRA preclude Plaintiff's RICO claim. However, assuming the action involves a security, Plaintiff's complaint fails to meet the pleading requirements under the PSLRA. Securities fraud pleadings under the PSLRA must specify:

> ...each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed. (2) ... the complaint shall ... state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C. § 78u-4(b)(1), (2). The Ninth Circuit has interpreted the PSLRA to require a private plaintiff "to plead particular facts giving rise to a strong inference of deliberate recklessness," in which the averred facts must strongly suggest actual intent to commit fraud. In Re Silicon Graphics Inc. Securities Litigation, 183 F.3d 970, 977-979 (9th Cir. 1999). Pleading "motive and opportunity" or mere recklessness, without more, is insufficient. Id. at 979.

Jones's complaint fails to meet this heightened pleading standard for securities fraud. Jones alleges that Deutsche Bank and Chenery were part of a fraudulent tax scheme, motivated by gaining large fees from each transaction. (FAC ¶ 24.) But this "motive and opportunity" does not rise to the level of deliberate recklessness on the part of either Defendant. Plaintiff fails to allege any misleading statements specifically made by either Deutsche Bank or Chenery to Plaintiff, let alone a statement that strongly suggests deliberate recklessness. The five paragraphs in Jones's securities fraud claim lump all Defendants together and merely lay out the elements of a securities fraud claim without much, if any, factual support. (FAC ¶¶ 73-77.)

Jones does make some specific allegations, on information and belief, against both Defendants Deutsche Bank and Chenery. Jones alleges that Deutsche Bank acted as "third party purchaser" to create the appearance of a taxable transaction, created fictitious loans, knew that the "opinion letters" by the law firms were not disinterested, and provided a "facade of financial substance" to obscure a

8

transaction it knew was a sham. (FAC ¶¶ 31, 35-37, 57.) These allegations, though specific to Deutsche Bank, do not provide sufficiently detailed facts to "constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." See Silicon Graphics, 183 F.3d at 970. Deutsche Bank, possibly, should have known that the CARDS Facility was of questionable legality; but the "deliberately reckless" standard requires more facts and greater detail. Jones's pleading is insufficient to show that Deutsche Bank knew of the CARDS Facility's illegality at the time of the transaction, and consciously disregarded that knowledge for the sake of large fees.

Jones's pleading also fails to meet the scienter requirement with respect to Chenery. Jones alleges that Chenery created and promoted the transaction, charged a flat fee based on the size of the transaction, funneled kickback fees to the personal trust of a lawyer who provided "boilerplate letters," and continued to promote the CARDS Facility even after being advised that it had no "economic substance." (FAC ¶¶ 32, 34, 37, 49-50.) While Jones's complaint makes Chenery's conduct appear questionable, the underlying facts in the allegations do not sufficiently suggest a deliberately reckless state of mind on the part of Chenery. Even if the transaction was thought to have no "economic substance," Chenery could still have thought it to be a good enough deal to make. Jones's allegations do not seem to add up to recklessness, let alone the deliberately reckless state of mind required under the PSLRA in the Ninth Circuit. See Silicon Graphics, 183 F.3d at 970.

Defendants argue, in addition, that Plaintiff's PSLRA claim would be barred by the applicable statute of limitations. See 15 U.S.C. § 78i(e); 28 U.S.C. § 1658(b) (defining statute of limitations as the earlier of two years after the discovery of the facts constituting the violation or five years after such violation). The Court declines to address this argument at this stage of the litigation since it is not clear that Plaintiff can prove no set of facts that would prove the timeliness of the claim. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995) ("A complaint cannot be dismissed [based on the running of the statute of limitations period] unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

9

## V.  CONCLUSION

For the foregoing reasons, this Court DENIES Deutsche Bank's and Chenery's Motions to Dismiss the RICO claim, and GRANTS Defendants Motion to Dismiss the PSLRA claim with leave to amend.  Plaintiff shall file its amended complaint within ten (10) days of the issuance of this Order.

Dated: July 18, 2005
04cv5357dis

/s/ James Ware
JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Amy Lynn Rice arice@gwwe.com
   Arturo Esteban Sandoval asandoval@mwe.com
3  Christine Chi cchi@dbllp.com
   Christopher Kliefoth ckliefoth@mwe.com
4  David S. McLeod dmcleod@dbllp.com
   Jason A. Carey jacarey@mwe.com
5  Jeffrey R. Witham jwitham@dbllp.com
   Jennifer L. Jonak jenny@jonak.com
6  Jill M. Kastner jkastner@mwe.com
   Megan Christine Roth mroth@watsonlawgroup.com
7  Sarah E. Hancur shancur@mwe.com
   Stephen Allen Watson swatson@watsonlawgroup.com
8  William M. Lukens wlukens@lukenslaw.com

**Dated: July 19, 2005**                    **Richard W. Wieking, Clerk**

                                            **By:/jwchambers/**
                                            **Ronald L. Davis**
                                            **Courtroom Deputy**