IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Reese M. Jones, | NO. C 04-05357 JW |
| Plaintiff, | **ORDER DENYING DEUTSCHE BANK'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING CHENERY DEFENDANTS' MOTION TO JOIN DEUTSCHE BANK'S MOTION FOR RECONSIDERATION** |
| v. | |
| Deutsche Bank AG, et al., | |
| Defendants. | |

On August 2, 2005, Defendants Deutsche Bank AG and Deutsche Bank Securities, Inc. ("Deutsche Bank") filed a "Motion For Leave To File Motion For Reconsideration Of The Court's July 19, 2005 Order, Pursuant To Civil Local Rule 7-9(b)," hereinafter "Motion For Recons." On August 5, 2005, Chenery Associates, Chenery Associates, Inc., Chenery Management, Inc., Chenery Investments, Inc., Chenery Services, Inc., and Chenery Capital, Inc., Sussex Financial Enterprises, Inc., and Roy E. Hahn (collectively "the Chenery Defendants") filed a Motion to Join Deutsche Bank's Motion for Reconsideration. This Court's July 19, 2005 Order, hereinafter "Order," granted in part and denied in part Defendants' Motion to Dismiss. To be granted leave to file a motion for reconsideration, the moving party must specifically show one of the following:

> 1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

1         2) The emergence of new material facts or a change of law occurring after the time of such order; or

3         3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

4 Civil L.R. 7-9(b) (2005).

5         Deutsche Bank relies on Civil L.R. 7-9(b)(3) to argue that there was "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." (Motion for Recons., Ex. A at 1.) Specifically, Deutsche Bank argues that this Court failed to consider Defendants' argument that "the CARDS investment strategy involves the purchase and sale of U.S. Treasury bonds, which are securities." Id. Deutsche Bank argues that because the CARDS investment strategy involved securities, Plaintiff's RICO claim is barred by the Private Securities Litigation Reform Act ("PSLRA"). See 18 U.S.C. § 1964(c) (PSLRA bars RICO claims based on conduct otherwise actionable as securities fraud).

        After careful review of Defendants' submissions and the Order at issue, however, this Court finds that Deutsche Bank's Motion For Reconsideration lacks merit. The first subheading in the Order, Part A, Section 1, is titled, "The Court Declines To Decide Whether The CARDS Facility Is A Security." (Order at 5.) This Court noted that it would not grant a Rule 12(b)(6) motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Limiting itself to the face of Plaintiff's First Amended Complaint (FAC), this Court found that the FAC did mention the use of "promissory notes," which, if determined to be "securities," would bar Plaintiff's' RICO claim. This Court determined that the question of whether the CARDS transactions involved the sale of securities was more appropriate for a summary judgment motion, in which more facts would be available for the Court's consideration. (Order at 5.)

        This Court, still limiting itself to the face of the FAC, also did not determine whether the CARDS investment strategy used government bonds, including Treasury bonds, which Deutsche Bank argues are securities. (Motion for Recons. at 2.) Unlike the mentioning of "promissory notes,"

2

1  however, Plaintiff's FAC nowhere mentioned that the CARDS transaction at issue involved Treasury
2  bonds. Defendants provided the Court with exhibits, allegedly proving that Plaintiff, in a deposition,
3  admitted the CARDS transaction involved Treasury bonds. (Motion for Recons. at 5.) If true, this
4  would likely support Defendants' argument that the CARDS transactions involved the sale of
5  securities. The problem, as specifically noted in the July 19, 2005 Order, is that this Court, at this
6  stage of the litigation, must limit itself to the face of Plaintiff's FAC.

7  To make the point clear for both parties, especially the movant here, this Court's Order
8  decided only that Plaintiff's FAC sufficiently stated a RICO claim to overcome Defendants' 12(b)(6)
9  motion. Future submissions by Defendants and further discovery may later persuade this Court that the
10 CARDS transactions, in fact, involved the sale of securities. In sum, as the Court's Order on this issue
11 concluded, the factual question of whether the CARDS transactions at issue here involved the sale of
12 securities is "more appropriately addressed in a summary judgment motion." (Order at 5.)

13 This Court, pursuant to Civil L.R. 7-9(c) "Prohibition Against Repetition of Argument," has
14 authority to make appropriate sanctions on any party who violates the restriction. Plaintiff argues that
15 Defendants deserve sanctions because Defendants have repeated the same arguments only to delay
16 Plaintiff's attempt to conduct discovery. This Court does not look kindly on dilatory tactics of
17 improper purpose. Deutsche Bank's Motion for Leave to File Motion for Reconsideration is
18 DENIED. The Chenery Defendants' Motion To Join Deutsche Bank's Motion For Reconsideration is
19 DENIED as moot. Sanctions shall not be imposed at this time, nor shall discovery be stayed. Finally,
20 this Court grants both the Deutsche Bank and Chenery Defendants an extension of time of ten (10) days
21 from the date of this Order to answer Plaintiff's First Amended Complaint.

23 Dated: August 12, 2005                    /s/ James Ware
                                             JAMES WARE
24 04cv5357denrecon                          United States District Judge

28                                    3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Amy Lynn Rice arice@gwwe.com
Arturo Esteban Sandoval asandoval@mwe.com
Christine Chi cchi@dbllp.com
Christopher Kliefoth ckliefoth@mwe.com
David S. McLeod dmcleod@dbllp.com
Jason A. Carey jacarey@mwe.com
Jeffrey R. Witham jwitham@dbllp.com
Jennifer L. Jonak jenny@jonak.com
Jill M. Kastner jkastner@mwe.com
Megan Christine Roth mroth@watsonlawgroup.com
Sarah E. Hancur shancur@mwe.com
Stephen Allen Watson swatson@watsonlawgroup.com
William M. Lukens wlukens@lukenslaw.com

Dated: August 12, 2005                    Richard W. Wieking, Clerk

                                          By: /jwchambers/
                                              **Ronald L. Davis**
                                              **Courtroom Deputy**