IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Reese M. Jones, | NO. C 04-05357 JW |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONSOLIDATE** |
| v. | |
| Deutsche Bank AG, et al., | |
| Defendant(s). | |

Presently before the Court is Plaintiff Reese M. Jones' ("Plaintiff") Motion to Consolidate. Plaintiff argues that the present case ("the Jones action") should be consolidated with the case of <u>Neal M. Douglas, et al. v. United States America</u>, Case No. C-03-4518 JW ("the Douglas action"), a case previously determined by this Court to be related to the present case pursuant to Civil L.R. 3-12(b). Plaintiff contends that consolidation would be in the interests of judicial economy since both actions arise from the Plaintiffs' participation in a tax shelter known as "CARDS," and both cases will involve discovery from the alleged promoters of CARDS. All of the Defendants in this action, as well as the parties in the Douglas action, oppose Plaintiff's motion.

The Court held a hearing on the matter on June 6, 2005. Based on all of the arguments made at the hearing and in the parties' briefs, the Court grants in part and denies in part Plaintiff's Motion to Consolidate.

Federal Rule of Civil Procedure 42(a) provides for consolidation "[w]hen actions involving a common question of law or fact are pending before the court...." FED. R. CIV. P. 42(a). To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for

1  delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach.
2  Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).
3       Here, the Court finds that the significant potential for confusion, inefficiency and prejudice far
4  outweighs the minimal convenience that may result from the consolidation of the Jones and Douglas
5  actions. The law firm of McDermott Will & Emery LLP ("McDermott") represents Plaintiffs Neal
6  and Christine Douglas in the Douglas action and the Chenery Defendants in the Jones action. If the
7  two actions were consolidated for all pre-trial purposes, McDermott would be in the precarious
8  position of having to represent two clients in the same action with unique, and possibly competing,
9  legal interests. The Court declines to put McDermott, and its clients, in this potentially prejudicial
10 position.
11      The Court, however, is persuaded that the interest of judicial economy would be best served
12 by consolidating the pretrial proceedings of the two actions with respect to third party witnesses who
13 would otherwise be called upon for discovery in both actions. Thus, Plaintiff's motion to consolidate
14 is denied for all purposes, with the limited exception of mutual third party witnesses. Should the
15 parties find a need for suitable protective orders with respect to third party witnesses, the parties are
16 referred to Magistrate Judge Seeborg for further proceedings.

18 Dated: August 12, 2005            /s/ James Ware
   04cv5357consol                     JAMES WARE
19                                              United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amy Lynn Rice arice@gwwe.com
Arturo Esteban Sandoval asandoval@mwe.com
Christine Chi cchi@dbllp.com
Christopher Kliefoth ckliefoth@mwe.com
David S. McLeod dmcleod@dbllp.com
Jason A. Carey jacarey@mwe.com
Jeffrey R. Witham jwitham@dbllp.com
Jennifer L. Jonak jenny@jonak.com
Jill M. Kastner jkastner@mwe.com
Megan Christine Roth mroth@watsonlawgroup.com
Sarah E. Hancur shancur@mwe.com
Stephen Allen Watson swatson@watsonlawgroup.com
William M. Lukens wlukens@lukenslaw.com

**Dated: August 12, 2005**                                          **Richard W. Wieking, Clerk**

**By: /jwchambers/**
    **Ronald L. Davis**
    **Courtroom Deputy**

United States District Court
For the Northern District of California