**\*E-FILED 11/17/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REESE M. JONES, | NO. 5:04-cv-5357 JW (RS) |
|     Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE DISCOVERY AND GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| DEUTSCHE BANK AG, et al., | |
|     Defendants. | |

## I. INTRODUCTION

Plaintiff Reese Jones ("Jones") moves to compel the further production of documents from defendants Deutsche Bank AG and Deutsche Bank Securities, Inc. (collectively, "Deutsche") in response to his first request for production of documents. At issue is Request No. 4, seeking all documents that refer or relate to the CARDS facility that Deutsche produced to any government agency. Deutsche objects to the production of these documents, arguing that they are protected from disclosure under various privileges and that, even assuming such privileges are inapplicable, they are irrelevant to the claims presented in the case.

In a separate motion, Deutche moves to bifurcate and limit discovery to the issue of whether or not the CARDS investment strategy involves the purchase or sale of securities: a question, according to Deutsche, if answered in its favor, carries the potential of bringing this litigation to a close. The motions were fully briefed and heard by the Court on November 16, 2005. Based on all papers filed to date, as well as on the oral argument of counsel, (1) the motion to bifurcate is denied as Deutsche has failed to

demonstrate how that procedure would promote the efficient, economical, and fair management of this action, and (2) plaintiff's motion to compel is granted as the requested documents are not privileged and may contain relevant information or lead to the discovery of admissible evidence.

## II.  BACKGROUND

The Custom Adjustable Rate Debt ("CARDS") Facility was a tax driven investment device marketed by Deutsche to Jones. In March 2002, the Internal Revenue Service ("IRS") listed CARDS as an abusive tax shelter. IRS Notice 2002-21. The United States Senate investigated the role of Deutsche, as well as others, in promoting and developing CARDS and other tax driven investments. As a result of the actions taken by Deutsche, Jones contends that he has been audited by the IRS and owes millions of dollars in back taxes and interest. He sued Deutsche and additional entities for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and securities fraud.

Pursuant to the discovery provisions contained in the Private Securities Litigation Reform Act ("PSLRA"), discovery was stayed pending the determination of a motion to dismiss filed by Deutsche. On July 19, 2005, the presiding judge granted in part the motion to dismiss and dismissed the securities claim filed by Jones with leave to amend. Jones declined to amend, however, therefore the action is proceeding solely on the RICO claim for relief and discovery is no longer stayed. Although the parties have exchanged limited discovery, Deutsche refuses to produce the documents provided to governmental agencies regarding the CARDS facility based on various objections as well as on its related motion to limit discovery at this juncture to the issue of the presence or absence of "securities" as part of the CARDS program.

## III.  STANDARDS

### A.  Motion to Bifurcate Discovery

Under Fed. R. Civ. P. 16(a)(1)-(5), the Court has discretion over case management and may take appropriate action with respect to an order for a separate trial pursuant to Fed. R. Civ. P. 42(b) pertaining to a particular issue in the case. Fed. R. Civ. P. 42(b) states,

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of

2

the United States.

Fed. R. Civ. P. 42(b) permits deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues.  Ellingson Timber Co. v. Great Northern Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970).

    B.    Motion to Compel Discovery

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Federal Rules of Evidence, Rule 401.  Discovery may be limited by the court for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

\\\

\\\

## IV.  DISCUSSION

    A.    Motion to Bifurcate Discovery

Deutsche requests that the Court limit the first phase of discovery to matters relating to whether or not the CARDS investment strategy involved the purchase or sale of securities, arguing that bifurcation would avoid unnecessary and costly discovery proceedings and promote judicial economy since the issue is

dispositive of the remaining RICO claim.[1]  Jones responds that discovery should not be bifurcated because it would result in prejudice to him by causing further delay, preventing him from taking discovery necessary to prepare his own motion for summary judgment, and hindering his ability to obtain complete depositions from witnesses while their memories are fresh.  Jones notes, therefore, that Deutsche has not met its burden of proving that bifurcation is justified or nonprejudicial.[2]  Moreover, Jones contends that there is no real prospect that Deutsche will prevail on the argument that a "purchase or sale of securities" is involved.

Deutsche simply has not demonstrated how further delay of full discovery in the form of its bifurcation request is warranted.  Even assuming the potential dispositive nature of the "securities" issue, that prospect is not enough to warrant a delay of general discovery in a case which has already had an extended discovery stand-down by virtue of motion practice under the PSLRA. Deutsche similarly fails to identify clearly or to quantify in any way the hardship that would result if discovery  bifurcation is denied.  The overall nature of the CARDS Facility overlaying the "securities" question would seem to implicate other, overlapping discovery issues, and therefore bifurcation would not seem to promote judicial economy or efficiency.  Moreover, Jones has established that he may be prejudiced if discovery is bifurcated, as it would cause further delay and prevent him from taking the discovery necessary for the efficient development of his case.

Bifurcation is not justified in all cases in which one issue may be dispositive.  Rather, full and complete discovery may encourage more thorough preparation by the parties and opportunity for resolution of the entire action.  Deutsche's motion, therefore, is denied.

B.   Motion to Compel Production of Documents

The fourth request for production of documents propounded by Jones to Deutsche seeks

---

[1] The PSLRA amended the RICO statute to provide that no person may rely upon conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of 18 U.S.C. § 1962, unless there has been a prior criminal conviction for that conduct.

[2] Jones further argues that the issue of whether the CARDS facility involved the purchase or sale of securities is not dispositive of the matter because Jones may consolidate the state and federal court actions with the instant one, and Jones could amend the complaint to plead securities fraud.  However, since neither of those events have actually occurred, the Court declines to speculate on such developments for purposes of this decision.

documents which refer or relate to the CARDS Facility previously produced by Deutsche to any government agency, including the IRS, the Department of Justice, the Department of Treasury, the SEC, the United States Senate, the Federal Trade Commission, the FBI, any state tax agency, or any state attorney general.[3] Deutsche objected to the request on the grounds that "it purports to require disclosure of communications that would be prohibited or arguably prohibited by law." See Exh. B to Jonak Declaration. Deutsche raised additional objections, including relevancy and burden, and did not provide any responsive documents to Jones.

### 1. Government Thought Processes

With respect to their objection that the request calls for the disclosure of documents which are "arguably prohibited by law," Deutsche first contends that Jones improperly seeks to discover "the thought processes of various government agencies that have investigated certain alleged tax shelters." See Opposition Brief, Document 151, at p. 11. A plain reading of the request shows, however, that it does not seek the mental impressions of anyone, including those formed by any government agencies, nor is it directed to any tax shelters other than the relevant CARDS Facility. Moreover, even assuming the request somehow sought to explore the mental impressions formed by government agencies, Deutsche has failed to establish its standing to raise such objections on behalf of the government. Although Deutsche argues that the materials it produced to various government agencies are not relevant to the present case since those investigations did not focus solely on the CARDS facility, the compilation of materials related to the CARDS investigation presumptively will yield relevant information, even if the fact of what the government sought to review is not relevant in and of itself.

### 2. Confidential Information

Deutsche next asserts that the request seeks confidential materials, such as those provided to grand juries and the IRS, which are protected from disclosure by various statutes and caselaw. See e.g., Fed. R. Crim. Pro. 6(e); In re John Doe Grand Jury Proceedings, 537 F. Supp. 1038 (D. R. I. 1982) (litigant may

---

[3] As noted at oral argument, no substantive objections were raised to the first three discovery requests propounded by Jones beyond Deutsche's bifurcation request. In light of the denial of that motion, Deutsche presumably will produce documents responsive to those requests in the ordinary course.

1   not seek documents directly from a grand jury due to secrecy provisions set forth in Fed. R. Crim. Pro.
2   6(e)). The Ninth Circuit, however, has held that business records submitted to a grand jury are not "matters
3   occurring before a grand jury" and are not, therefore, protected from subsequent disclosure under Rule 6(e)
4   where the records were independently generated and are sought for a legitimate purpose. United States v.
5   Dynavac, Inc., 6 F.3d 1407, 1412-13 (9th Cir. 1993) (affirming district court's denial of motion to quash
6   subpoena of business records previously supplied to grand jury by defendant).  Moreover, Deutsche cites
7   to no rule, case, or statute precluding it from producing records previously produced to agencies such as
8   the IRS or the Senate.  In fact, Deutsche has been ordered to produce such records by at least one other
9   court.  See e.g., Seippel v. Deutsche Bank, et al., 2005 WL 388561, *1 (S.D.N.Y. 2005) (court ordered
10  discovery to proceed as to documents which had been produced to the government).

11       Further, as noted above, Deutsche lacks standing to raise confidentiality concerns which may
12  rightfully be raised by other entities, such as the grand jury.  In sum, the requested documents are not
13  protected by any confidentiality restrictions Deutsche is in a position to invoke.

14       3.     Financial Privacy Act

15       Deutsche also argues that it must comply with the Financial Privacy Act ("FPA"), 12 U.S.C. §§
16  3402, 3403(a) and (b), 3411, before it can release financial records concerning its customers.  The FPA,
17  however, provides for special procedures only when disclosing financial information to government
18  agencies; it has no application to litigation between private individuals and Deutsche Bank.  Id.
19  Nonetheless, Deutsche contends that the Act is implicated in this situation since discovery has been
20  consolidated with another action, Douglas v. United States, C-03-4518 JW, involving government agencies
21  which may, therefore, lead to the production of financial records, at least indirectly, to the government.  The
22  prospect that documents produced by Deutsche in this action between private litigants may indirectly lead
23  to the disclosure of materials to the government in an action consolidated here for only limited discovery
24  purposes is not enough to trigger FPA obstacles to disclosure. Should the prospect of disclosure to the
25  government of materials produced pursuant to these requests become a reality, the parties are free to
26  address that issue as needed. Moreover, to provide further protection against the dissemination of such
27  information, plaintiff's counsel will not disclose such materials to the government without further court order.
28

      4.     Burden

Deutsche contends that many of the documents they produced to government agencies did not relate to the CARDS Facility and are, therefore, not relevant to the claims asserted by Jones in this case. Deutsche alleges that it is severely burdensome, as a result, for them to review over one million pages of documents in order to retrieve only those related to the CARDS facility, particularly when, according to Deutsche, Jones propounded a second set of requests which also seeks production of all documents relating to that subject. See e.g., Jones' Second Request for Production of Documents, Request No. 1, Opposition Brief at p.11. Jones responds that the burden placed on Deutsche by having to review and, possibly, cull their prior production should be slight since, presumably, the documents have been placed in electronic format and can be easily searched and retrieved.

As noted above, the documents requested by Jones as a group are likely, at least in part, to be relevant to the claim filed against Deutsche in this case. Moreover, although it may be somewhat cumbersome for Deutsche to review its prior productions and redact those documents not related to the CARDS Facility, that task is not unduly burdensome as Deutsche presumably would be required to review such materials in any event to ensure complete compliance with the request for CARDS materials. In addition, Deutsche's concern that the request seeks duplicative documents can be addressed as appropriate in its responses to subsequent requests. If Deutsche has already provided all responsive documents to Jones, then it may simply so state, identify the produced documents by BATES numbers, and refrain from producing the same documents again.

## V. CONCLUSION

For the reasons stated above, the Court denies Deutsche's motion to bifurcate and limit discovery and grants Jones' motion to compel the production of documents. Deutsche shall provide all responsive documents to Jones within twenty (20) days of the date of this order.

IT IS SO ORDERED.

Dated: 11/17/05                              /s/ Richard Seeborg
                                            RICHARD SEEBORG
                                            United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Daniel T. Bernhard     bernhard@freelandlaw.com, santos@freelandlaw.com

Christine Chi     cchi@dbllp.com, lpmco@dbllp.com

Stewart H. Foreman     foreman@freelandlaw.com, gonzales@freelandlaw.com

Jennifer L. Jonak     jenny@jonak.com

William M. Lukens     wlukens@lukenslaw.com, djoc@oconnellassociates.com;

jenny@jonak.com; cgladwin@lukenslaw.com

David S. McLeod     dmcleod@dbllp.com, lgomez@dbllp.com

Adrienne Marie Mundy-Shephard     amundyshephard@deweyballantine.com

Amy Lynn Rice     arice@gwwe.com, mary@gwwe.com

Megan Christine Roth     mroth@watsonlawgroup.com,

Stephen Allen Watson     swatson@watsonlawgroup.com, gbloom@watsonlawgroup.com

Jeffrey R. Witham     jwitham@dbllp.com, hgutierrez@dbllp.com

**Dated: 11/17/05**                              **Chambers of Judge Richard Seeborg**

                                                 **By:**     /s/ BAK