1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REESE M. JONES, an individual<br><br>    Plaintiff,<br><br>    vs.<br><br>DEUTSCHE BANK AG, a corporation; DEUTSCHE BANK SECURITIES, INC., a corporation; MIO SYLVESTER, an individual; MICHAEL SHERRY, an individual; SUSSEX FINANCIAL ENTERPRISES, INC., a California corporation; ROY E. HAHN, an individual; DOES ONE THROUGH THIRTY, inclusive;<br><br>    Defendants. | Case No. 3:04-CV-05357 JW<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

Upon agreement of (<u>a</u>) plaintiff Reese M. Jones and (<u>b</u>) defendants Deutsche Bank AG, Deutsche Bank Securities, Inc. (together "Deutsche Bank")[1] it is hereby STIPULATED AND AGREED that:

1. This Stipulation shall govern the use and dissemination of materials that have been designated as "Confidential" pursuant to Paragraph 3 below during the course of this litigation, entitled *Jones v. Deutsche Bank AG, et al.*, Case No. 03:04-CV-05357 JW (the "Litigation"). The terms of this Stipulation shall also govern all information or documents previously exchanged that have been appropriately designated as "Confidential" as well as discovery materials (documents, interrogatory answers, responses to requests for admissions, depositions and exhibits) produced or obtained from any party in the course of this Litigation (collectively, the "Material") to the extent such documents qualify for confidential treatment under the terms of Paragraph 3.

2. All Material exchanged between and among the Parties during the course of this Litigation shall be used solely for purposes of evaluating and litigating claims asserted in this Litigation ("Permissible Uses") and shall not be used for any other purpose or disclosed to any other person or entity except in accordance with the terms hereof, except that: (i) Mr. Jones may use such Material in the litigation entitled <u>Executive Risk Indemnity, Inc. v. STARS Holding Co., Inc.</u> (San Francisco Superior Court Case No. CGC-05-444352); provided, however, that a confidentiality stipulation or protective order satisfactory to Deutsche Bank has been entered in that case and all applicable financial privacy laws, rules and regulations, including CCP 1985.3, have been complied with prior to production of Materials to any other party in such action, and (ii) Materials may be used as necessary to respond to subpoenas and government requests for documents, subject to paragraph 11 hereof.

3. The Parties may designate any Material produced by any Party as confidential ("Confidential") in accordance with and subject to the terms of this Stipulation.[2]

---

[1] Reese M. Jones and Deutsche Bank shall be referred to herein collectively as the "Parties" and individually as a "Party."

[2] As used herein, the term "Designating Party" shall refer to any Party or non-party who designates Material as "Confidential."

The Designating Party shall have the right to designate any Material as Confidential only if it believes in good faith that such Material constitutes, contains or would disclose sensitive proprietary business information, a trade secret, private financial or sensitive personal information of an individual (including but not limited to social security numbers, tax returns, and bank, financial institution and accounting records of a proprietary or confidential nature) of any person or entity, including, without limitation, any customer of Deutsche Bank ("Confidential Material"). A designating party must take care to designate those parts of material or documents that qualify as "Confidential" and if it comes to a party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that party must notify all other parties that it is withdrawing the mistaken designation.

        4.    Confidential Material shall not include any information that: (a) is already public knowledge or otherwise in the public domain, (b) has become public knowledge or enters the public domain other than as a result of a disclosure in violation of this Stipulation or (c) has come or shall come into a Receiving Party's legitimate possession from sources other than the Designating Party and other than as a result of a breach of a confidentiality or non-disclosure agreement. For purposes of this Stipulation, information provided by a Party to a government agency shall not automatically be deemed to be "public knowledge" or "otherwise in the public domain" unless such information has been released to the general public.

        5.    The designation of Material as Confidential shall be made in the following manner:

    (a)    In the case of documents or other written materials (apart from depositions or other pre-trial testimony): by affixing (without obscuring or defacing the document) the legend "Confidential" to each page containing any Confidential Material; and

    (b)    In the case of depositions or other pretrial testimony, including any exhibits introduced or discussed during such deposition or other pretrial testimony: (i) by a statement on the record, by counsel for the Designating Party,

at the time the testimony is given; or (ii) by written notice, sent by counsel for the Designating Party to all other Parties and non-parties within thirty (30) days after receiving a copy of the transcript thereof, listing the specific pages and lines of the transcript that should be treated as Confidential.  If a Confidential designation is made, the court reporter shall be directed to place a notation on the cover of the transcript stating that it contains Confidential Material, and such notation shall be affixed to each copy of the transcript in the possession, custody or control of the Parties and non-parties to the Litigation who are permitted access to such Confidential Material pursuant to paragraph 9 hereof.  The parties shall designate specific portions of deposition transcripts as Confidential only if it believes in good faith that such Material satisfies the criteria specified in paragraph 3.  If it comes to a party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that party must notify all other parties that it is withdrawing the mistaken designation.  If a party claims that a deposition exhibit is Confidential, the parties shall have the opportunity to meet and confer about the specific information contained therein which is Confidential, and the party marking the document as an exhibit shall have the opportunity to submit a redacted document, if possible, so as to avoid a Confidential designation.  All depositions and other pre-trial testimony shall be treated as Confidential in their entirety, and shall not be submitted to any court except as provided in paragraph 11 below, until the expiration of ten (10) days after the final date for giving written notice of confidentiality as provided in this paragraph.

For documents that have been produced or transcripts that have been transcribed prior to the Stipulation having been approved by the Court, the Parties shall have thirty (30) days thereafter in which to designate any documents or transcripts as Confidential.

      6.     If, at any time after producing a document or information, the Designating Party determines that certain Material should have been designated as Confidential, the

1  Designating Party shall promptly provide a replacement copy of the Material bearing a
2  Confidential designation to the Party or Parties to whom the document or information was
3  produced or in the case of Material produced electronically, shall clearly identify which specific
4  document or information should have been designated as Confidential, at which time the
5  Material will be deemed Confidential. The other Parties shall promptly return the undesignated
6  Material (and all copies thereof) to the Designating Party after receiving the replacement
7  Confidential Material, unless such undesignated Material was previously incorporated into court
8  filings.  In the event that the Material subsequently designated as Confidential has been
9  previously incorporated into a court filing, the portion of the court filing incorporating such
10 Material need not be returned but shall be designated Confidential or otherwise placed under seal
11 in accordance with this Stipulation.

12         7.      Nothing in this Stipulation shall require disclosure of material that is
13 protected by the attorney-client privilege or work-product immunity or other applicable
14 protection. Inadvertent production of any document or thing which any party later discovers
15 should not have been produced because of a privilege or immunity shall not be deemed to waive
16 any such privilege or immunity. Any party may, upon discovery of the inadvertent production,
17 request the return of any such document. Upon any party's request, the possessing party shall
18 within three days return to the producing party the inadvertently produced document and all
19 copies thereof and shall expunge from any other document or material information derived from
20 the inadvertently produced document.

21         8.      A Party shall not be obligated to challenge the propriety of a designation
22 of Material as Confidential at the time it is made, and a failure to do so shall not preclude a
23 subsequent challenge thereto. Any Party may in good faith object to the designation of any
24 Material as Confidential by providing written notice of such objection to the Designating Party.
25 The grounds for any objection shall be stated with reasonable particularity. The Parties shall
26 thereafter meet and confer in good faith to resolve the dispute. If the parties are unable to
27 resolve the dispute, within fifteen (15) days the Designating Party shall have ten (10) days
28 thereafter to apply to the Court, on reasonable notice, for a protective order designating the

material as Confidential. If the Designating Party fails to make such application to the court within the ten (10) day period set forth above, the Material shall lose its Confidential status. If such application is made by the Designating Party, the Confidential designation shall remain in effect pending the final, non appealable determination of the application to the Court to preserve the designated Confidential status.

9. Materials designated as Confidential shall not be given, shown, made available or communicated in any way (in whole or in part) except to the following persons:

(a) Counsel of record to the Parties in the Litigation and attorneys, paralegals and other support staff employed by such counsel;

(b) The parties including current and former directors, officers and employees of the Parties in connection with Permissible Uses and only to the extent reasonably necessary to aid counsel in conducting the Litigation;

(c) Witnesses, potential witnesses, or deponents (and their counsel) during the course of and to the extent necessary in preparation for testimony in the Litigation;

(d) Experts or consultants (and their counsel) and employees of such experts or consultants retained or consulted by the Parties in connection with Permissible Uses in the Litigation;

(e) This Court and Court personnel, including specifically the Court's law clerks, court reporters and the Clerk of the Court;

(f) Any outside vendors retained by the Parties to perform any photocopying, computer imaging, data processing, court reporting or other similar clerical services in the Litigation, but only for so long as is necessary to perform such services;

(g) Any person who is indicated on the face of a document to have been an author, addressee or recipient thereof;

(h) Any mediator(s) agreed upon by the Parties to conduct a mediation of the claims asserted in this Litigation; and

(i) Any other person upon order of the Court, after notice and a hearing, or upon written consent of the Designating Party or non-party.

Confidential Material shall not be disclosed to any party in *Neal M. Douglas, et al. v. United States of America*, No. C-03-4518 JW absent the government's certification of compliance with the requirements of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401, *et seq.* or Court Order.

10. Each person, excluding counsel of record, the Court and Court personnel, given access to Confidential Material pursuant to Paragraph 9 hereof, shall be (in advance of being given access to such Confidential Material) (a) advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof and (ii) the failure to abide by the terms hereof may be punishable as a contempt of Court, and (b) required to sign the Acknowledgment attached hereto.

11. In the event that any Party hereto or a recipient of Confidential Materials pursuant to paragraph 10 hereof (the "Receiving Party") shall receive a subpoena, civil investigative demand or other form of legal process (the "Discovery Request") from any non-party (including, without limitation, any party to any action other than the Litigation, or any state, federal or foreign regulatory or administrative body or agency) seeking the production of Confidential Material, the Receiving Party shall disclose such fact to the Designating Party and shall not disclose any Confidential Material in response thereto without first providing the Designating Party a reasonable opportunity to seek appropriate protective treatment or other relief. The Receiving Party shall immediately provide the Designating Party with telephonic and written notice of the Discovery Request and shall immediately send a copy of the Discovery Request to the Designating Party by facsimile and/or overnight mail. It shall be the obligation of the Designating Party to obtain an order from the appropriate Court to preclude or restrict production of any Confidential Material requested pursuant to the Discovery Request. The Receiving Party shall continue to abide by the terms of this Stipulation and maintain the confidentiality of any Confidential Material sought by the Discovery Request unless and until either (a) the Designating Party consents to the production of Confidential Material pursuant to

the Discovery Request, or (b) the Receiving Party is directed to produce the Confidential Material by a court having competent jurisdiction over the dispute and the parties thereto.

12. In the event that a Party desires to attach, quote from or set forth the substance of any Confidential Material in or to any documents filed with or submitted to any court, such documents shall be submitted to the court *in camera* or in redacted form or filed in a sealed envelope marked on the outside with the title of this action, identification of each document or thing within, and a statement substantially in the following form:

**"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"**

**"This envelope (or container) containing the above-identified papers filed by (name of party) is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties."**

Documents that contain Confidential Material or references thereto that are to be filed under seal shall bear such further information as is or may be prescribed by the Clerk of the Court. The Parties shall also, to the extent possible, file copies of such documents in the public file with Confidential Material and/or references thereto appropriately redacted from such documents. Nothing herein shall be construed to preclude provision of courtesy copies to the Court of all documents filed *in camera* in unredacted form.

13. In the event additional parties are joined or permitted to intervene in this Litigation, they shall be bound by the terms of this Stipulation.

14. Nothing herein shall prevent any counsel of record from using any Confidential Material on direct or cross-examination at any evidentiary hearing or trial. The Parties reserve the right to seek additional protective relief from the court in connection with any such hearing or trial.

15. Nothing herein shall be deemed or construed to restrict or prejudice in any manner:

    (a) the right of any Party or non-party, including without limitation, any customer of Deutsche Bank, to assert that certain information is so highly confidential as not to be subject to discovery;

  (b) the right of any Party or non-party to resist or object to the production of documents or disclosure of information on any other grounds;

  (c) the right of any Party to contest another Party's or non-party's basis for designating Material as Confidential;

  (d) the right of any Party or non-party to seek additional protective relief with respect to any document or information sought in the course of discovery or otherwise;

  (e) the right of any Party to object to the admissibility, authenticity, relevance or use of any Confidential Material at any hearing or trial;

  (f) the right of any Party to seek to compel additional discovery; or

  (g) the right of any Party to seek modification or other relief from the Court with respect to any or all of the provisions of this Stipulation.

16. Aside from the exceptions and limitations herein, nothing shall restrict the right of any Party or non-party to use his, her or its own documents or information designated as Confidential Material for any purpose whatsoever, except that nothing shall be construed herein to relieve Deutsche Bank from its obligations, if any, under applicable law, to maintain the confidentiality of Mr. Jones' personal financial information.

17. Nothing herein shall be deemed or construed as a waiver of any applicable privilege or protection, right of privacy or proprietary interest with respect to any Confidential Material.

18. The provisions of this Stipulation shall continue to be binding throughout and after the final determination of this Litigation, including without limitation any appeals therefrom. Within 45 days after receiving notice of the entry of a final, non-appealable order or decree terminating and disposing of this Litigation, all Parties and non-parties having received Confidential Material shall, absent a Court order or agreement of the Parties, either return all Confidential Material and all copies, summaries and excerpts thereof, to the Designating Party or, alternatively, destroy all such Material and certify in writing that such Material has been

destroyed. The certification shall confirm that counsel has destroyed all documents within its possession as well as documents that have been provided to others in accordance with this Stipulation. Notwithstanding the foregoing: (a) counsel (including in-house counsel) for the Parties shall be entitled to retain for their files a set of all pleadings, motion papers, court filings, discovery requests, expert reports, deposition, hearing and trial transcripts (including any exhibits thereto), mediation briefs and exhibits, attorney work product (including legal research) and the Parties' own attorney-client privileged correspondence and communications which incorporate, contain or refer to any Confidential Material, provided that such materials remain subject to the terms and conditions of this Stipulation; (b) the Parties may retain working copies of Confidential Material containing tax or financial information necessary for their continued business operations and obligations to state, federal and foreign regulatory and administrative agencies, and (c) counsel for the Parties may retain one copy of Confidential Material produced to a non-party in accordance with paragraphs 2 and 11 herein until such action or investigation has been terminated.

19. Neither the termination of the Litigation, nor the termination of employment of any person who has had access to any Confidential Material, shall relieve such person of his or her obligations hereunder, which shall survive.

20. This Order may be modified by written agreement of the affected Parties without further order of the Court.

Respectfully submitted,

Dated: June 27, 2006

By: _____ Dianne Coffino /DC _____
DEWEY BALLANTINE, LLP
LAWRENCE HILL
SETH FARBER
DIANNE COFFINO

*Attorneys for Defendants Deutsche Bank AG and Deutsche Bank Securities, Inc.*

Dated: June 27, 2006

By: _____ Jennifer Jonak /PC _____
LUKENS LAW GROUP
JENNIFER L. JONAK, ESQ.
*Attorneys for Plaintiff*
Reese M. Jones

IT IS SO ORDERED:

_____ James Ware _____
JAMES WARE
U.S. DISTRICT COURT JUDGE

Dated: June 28, 2006
New York, New York

## **ACKNOWLEDGEMENT**

I have read the So-Ordered Stipulation attached hereto.  I agree to be bound by its terms, and I agree that I will only use any Confidential Material[3] in connection with Permissible Uses the Litigation.  I agree further that I will not disclose or discuss such Confidential Material with anyone other than the persons described in Paragraph 8 of the So-Ordered Stipulation.  I understand that any disclosure or use of Confidential Material in any manner contrary to the provisions of the So-Ordered Stipulation may subject me to sanctions, including punishment for civil contempt.

_____
Name:
Title:

---

[3] Capitalized terms used herein shall have the meanings ascribed to them in the attached Confidentiality Stipulation and Protective Order.