*E-Filed 10/22/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REESE M. JONES, | NO. C 04 5357 JW (RS) |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| DEUTSCHE BANK AG, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is defendants' motion to compel plaintiff to produce certain tax returns. The matter having been fully briefed and argued, the motion will be granted.

## II. BACKGROUND

The general factual background of this action has been described in prior orders issued by the undersigned and by the presiding judge and will not be repeated here. The present dispute arises from plaintiff's contention that he should not be required to produce his personal tax return documents from years *other* than those in which he was investing in the tax shelters that are the

1

subject of this lawsuit.[1]

## III. DISCUSSION

In response to defendants' document requests and a subpoena served on plaintiff's business manager, Mark Annala/ M.L. Annala & Associates ("Annala") plaintiff has agreed to produce his tax returns for 1999 through 2004. This motion seeks to compel plaintiff and Annala to produce plaintiff's tax returns for 1995 through 1998. Plaintiff objects on relevance and privacy grounds.

Under federal law, "[t]ax returns do not enjoy an absolute privilege from discovery." *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). Nevertheless, there is a "public policy" against unnecessary public disclosure of tax returns. *Id.* Here, plaintiff has produced tax returns for the years in which he invested in the disputed transactions, and he contends that tax returns for years prior to that time are not sufficiently relevant to warrant compelled disclosure.

Defendants have adequately shown that the issue of plaintiff's "tax sophistication" is at play in this litigation and that production of the additional returns is reasonably necessary and appropriate. Although arguably cumulative to some degree, tax returns from the years preceding plaintiff's investments in the disputed tax shelters are relevant because the issue is the degree of plaintiff's sophistication *prior* to those investments. Additionally, plaintiff's arguments that the returns were prepared by professionals may serve as an argument he can make to a trier of fact regarding the inferences that should be drawn from the documents, but it does not render the documents irrelevant for purposes of discovery. Accordingly, the motion will be granted.

---

[1] In a prior discovery dispute in this action, the Court observed that the meet and confer process had broken down and "strongly encourage[d] the parties to find a way to make their meet and confer efforts more meaningful and productive before either side brings any further motions." As noted at the hearing on this motion, the parties are to be commended for their success in doing so. Although the Court is ordering further production of documents, plaintiff's position was not unreasonable, and both sides have done well in narrowing their disputes and presenting only a concrete and discrete issue to the Court for resolution.

Case 5:04-cv-05357-JW   Document 251   Filed 10/22/06   Page 3 of 3

## IV. CONCLUSION

The motion to compel is GRANTED, with further production of documents to be made within 20 days of the date of this order.

IT IS SO ORDERED.

Dated:  October 22, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge