**\*E-FILED 3/28/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REESE M. JONES, | NO. C 04 5357 JW (RS) |
| Plaintiff, | **ORDER DENYING MOTION TO STAY DISCOVERY** |
| v. | |
| DEUTSCHE BANK AG, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is the motion of defendants Deutsche Bank, AG and Deutsche Bank Securities, Inc. (collectively Deutsche Bank) to stay discovery pending a ruling by the presiding judge on Deutsche Bank's motion to compel arbitration. The matter having been fully briefed and argued, the motion will be denied.

## II. BACKGROUND

The general factual background of this action has been described in prior orders issued by the undersigned and by the presiding judge and will not be repeated here. Deutsche Bank filed the present motion simultaneously with a motion it filed before the presiding judge seeking to compel arbitration of plaintiff's claims against it. Deutsche Bank is not a signatory to the agreement containing the arbitration provision on which it relies, but contends that arbitration of plaintiff's

1

claims against it may be compelled under principles of equitable estoppel.

Deutsche Bank asserts that it moved to compel arbitration promptly upon learning of the agreement containing the arbitration agreement. Plaintiff contends that Deutsche Bank knew or should have known of the arbitration provision long ago, given various disclosures made at earlier points in time. Regardless of when it did learn, or could have learned, of the arbitration clause, Deutsche Bank contends that any delay in bringing the motion presents only a question of possible *waiver* of the right to arbitrate, which it asserts, is a question for the arbitrator to decide. Even assuming Deutsche Bank is correct that the arbitrator will be making the waiver decision in the event there is otherwise a right to arbitrate, that does not change the fact that the motion is being brought comparatively late in this litigation process, and long after the parties (and the Court) have expended considerable resources in discovery and other proceedings. The presiding judge is presently scheduled to hear the motion to compel arbitration on April 23, 2007.

### III.  DISCUSSION

Both parties have included in their briefing extensive discussions of their respective views of the merits of the underlying motion to compel arbitration. Although the relevance of those discussions is apparent–the more likely arbitration will be compelled, the greater the justification for a stay–this Court is simply not in a position to predict or prejudge an issue that the presiding judge will resolve.

Deutsche Bank asserts that courts "routinely" stay discovery during the pendency of motions to compel arbitration, and Deutsche Bank has identified various issues of policy and expediency that ordinarily support doing so. Deutsche Bank concedes, however, that it has cited no case in which a stay was granted in response to a motion to compel arbitration brought at this stage of litigation.

Although Deutsche Bank argues that it should not be placed in a worse position simply as a result of having not been aware of the arbitration provision at the outset of this case, the balancing of competing interests is necessarily different under the present circumstances than it would be at the beginning of litigation. A party claiming a right to arbitrate can persuasively argue that it should not

2

be exposed to the risk that it will have unnecessarily *begun* discovery should arbitration subsequently be compelled. Deutsche Bank's present argument that it should not be required to take the risk that *additional* discovery will prove to have been unnecessary has significantly less force. Conversely, the risk that a stay will cause prejudice to the parties and to the orderly management of the Court's docket in the event arbitration is *not* compelled is far greater at this point in the proceedings than it would be in a newly-filed case.

This is not a routine case. Under all the circumstances here, Deutsche Bank has failed to establish that the Court should exercise its discretion in favor of a stay.

## IV. CONCLUSION

Deutsche Bank's motion to stay discovery is denied. In view of this order, and in view of the fact that oral argument was held, plaintiff's request seeking a hearing or leave to file supplemental materials [Docket No. 303] is moot.

IT IS SO ORDERED.

Dated: March 28, 2007

RICHARD SEEBORG
United States Magistrate Judge