IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Reese M. Jones, | NO. C 04-05357 JW |
|         Plaintiff,<br>v.<br>Deutsche Bank AG, et al.,<br>        Defendants._____/ | **ORDER GRANTING DEUTSCHE BANK'S MOTION TO STAY PROCEEDINGS PENDING APPEAL TO THE NINTH CIRCUIT** |

## I. INTRODUCTION

Reese M. Jones ("Plaintiff") brings this action against, *inter alia*, Deutsche Bank AG and Deutsche Bank Securities, Inc. (collectively, "Deutsche Bank") for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Plaintiff's suit is based on a tax shelter, the "CARDS facility," that has become a disallowed tax transaction. Presently before the Court is Deutsche Bank's Motion to Stay Proceedings Pending Appeal to the Ninth Circuit. Deutsche Bank is appealing the Court's April 2007 Order denying its motion to compel arbitration. The background of this case, and the facts underlying Deutsche Bank's motion to compel arbitration are summarized in the Court's April 2007. (hereafter, "Order," Docket Item No. 329.)

The Court found the motion appropriate for submission without oral argument. See Civ. L. R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Deutsche Bank's Motion to Stay Proceedings Pending Appeal to the Ninth Circuit.

## II. DISCUSSION

Deutsche Bank moves to stay this action pending its appeal of the Court's Order on the grounds that (1) its appeal presents a "substantial question"; and (2) it will suffer irreparable harm if proceedings are not stayed. (Deutsche Bank AG's and Deutsche Bank Securities Inc.'s Motion to Stay Proceedings Pending Appeal to the Ninth Circuit at 2-3, Docket Item No. 338.)

The Federal Arbitration Act ("FAA") permits a party to appeal a district court order denying a petition to compel arbitration made pursuant to Section 4 of the FAA.  9 U.S.C. § 16; see also Bushley v. Credit Suisse First Boston, 360 F.3d 1149, 1153 (9th Cir. 2004).  The Ninth Circuit has found that in the arbitrability context, an appeal of an interlocutory order does not deprive the district court of jurisdiction except with respect to the subject matter of the appeal.  Rather, the court held, "The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration."  Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990).  In other words, a district court has discretion whether to stay the action pending appeal.  Id.

**A.    Substantial Question**

Deutsche Bank contends that the Court adopted a minority view of equitable estoppel in denying Deutsche Bank's motion to compel arbitration, and there is a substantial question whether the Ninth Circuit will affirm.  (Motion at 4.)  Specifically, Deutsche Bank contends that courts have split on the question of whether the doctrine of equitable estoppel allows a non-signatory to an arbitration agreement to compel arbitration where a signatory alleges that all of the promoters of a tax shelter, including the non-signatory promoter, acted in concert to defraud the signatory.  Id.

The Court previously summarized the law of equitable estoppel as follows:

> Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously avoiding the burdens that the contract imposes.  Courts, including those in the Northern District of California, have identified two strands of the equitable estoppel doctrine that support a non-signatory's right to compel arbitration.  First, equitable estoppel applies where the "signatory to a written agreement containing an arbitration clause *must rely* on the terms of the written agreement in asserting its claims against the nonsignatory."  Second, equitable estoppel is

2

1   appropriate where "the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.

(Order at 3-4) (internal citations omitted).  As one nonbinding authority cited by Deutsche Bank held, "The degree of interrelatedness necessary to allow a non-signatory to compel arbitration [based on equitable estoppel] is extremely fact dependent."  See Carroll v. Leboeuf, Lamb, Greene & MacRae, L.L.P., 374 F. Supp. 2d 375, 378 (S.D.N.Y. 2005).  Specifically, several district courts have taken an expansive view of equitable estoppel in the arbitration context; they have found that a plaintiff alleging that several tax shelter promoters acted in concert to defraud the plaintiff, was equitably estopped from resisting the non-signatory promoters' attempts to enforce the arbitration clause.  See, e.g. Carroll, 374 F. Supp. 2d at 378; Hansen v. KPMG, SA, No. CV 04-10525-GLT, 2005 U.S. Dist. LEXIS 38137 at *11 (C.D. Cal. Mar. 29, 2005); Camferdam v. Ernst & Young Int'l, Inc., No. 02-CV-10100, 2004 WL 307292 at *7 (S.D.N.Y. Feb. 13, 2004).  In contrast, as described in the Court's previous Order, several courts have found that equitable estoppel is inapplicable on similar facts.  (Order at 3-6.)  The Ninth Circuit has not yet ruled on this issue.

The Court finds that Deutsche Bank's appeal raises substantial questions concerning the law of arbitrability and the doctrine of equitable estoppel in the Ninth Circuit.  Accordingly, this factor weighs in favor of granting a stay.[1]

**B.   Irreparable Harm**

Deutsche Bank contends that courts in this circuit have routinely recognized that a party seeking to enforce an arbitration agreement will suffer irreparable harm if the proceedings are not stayed pending appeal.  (Motion at 3.)

The Ninth Circuit has found that a denial of a motion to compel arbitration has "serious consequences that can only be challenged by immediate appeal."  Specifically, arbitration provides the parties with an "inexpensive and expeditious means of resolving the dispute"—if a litigant must

---

[1] Since the Court finds that Deutsche Bank's appeal presents a substantial question as to equitable estoppel, the Court need not additionally consider whether it presents a substantial question as to agency.  (See Motion at 9-11.)

3

endure the "expense and delay of a trial" before being able to appeal the district court's denial, it forever loses the speed and economy advantages of arbitration.  Int'l Ass'n of Machinists & Aerospace Workers v. Aloha Airlines, 776 F.2d 812, 815 (9th Cir. 1985).  Several district courts in this circuit have relied on these findings to find that a party appealing a denial of a motion to compel arbitration will likely suffer irreparable harm absent a stay.  See, e.g. Winig v. Cingular Wireless, LLC, No. CV 06-4297 MMC, 2006 WL 3201047 at *2 (N.D. Cal. Nov. 6, 2006); Stern v. Cingular Wireless Corp., No. CV 05-8842 CAS, 2006 WL 2790243 at *2 (C.D. Cal. Sept. 11, 2006); Ford v. Verisign, Inc., No. 05 CV 0819 JM (RBB), 2006 U.S. Dist. LEXIS 88856 at *7 (S.D. Cal. Mar. 8, 2006).  In this case, if the Ninth Circuit finds that arbitration is the proper forum for this dispute, the Court's and the parties' resources will have been needlessly expended on continuing preparations for trial.  Accordingly, the Court finds that the "irreparable harm" factor weighs in favor of granting a stay.

Since both the "substantial question" and "irreparable harm" factors weigh in favor of granting a stay, the Court finds it proper to stay this action pending the resolution of Deutsche Bank's appeal.

### III.  CONCLUSION

The Court GRANTS Deutsche Bank's Motion to Stay Proceedings Pending Appeal to the Ninth Circuit.  The Court STAYS all proceedings in this case pending appeal.

Dated:  May 17, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam J Kaiser akaiser@dbllp.com
Amy Lynn Rice Amy@wccfamilylaw.com
Christine  Chi cchi@dbllp.com
Cynthia Lewis Stier cynthia.stier@usdoj.gov
Daniel T. Bernhard bernhard@freelandlaw.com
David Eldon Crowe dcrowe@dbllp.com
David S. McLeod dmcleod@dbllp.com
Jeffrey R. Witham jwitham@dbllp.com
Jennifer Lee Jonak jenny@jonak.com
Joseph A Sergi joseph.a.sergi@usdoj.gov
Lawrence M. Hill lhill@dbllp.com
Matthew S. Weiler mweiler@morganlewis.com
Megan Christine Roth mroth@zimkalaw.com
Robin L. Moore rlmoore@deweyballantine.com
Seth C. Farber sfarber@dbllp.com
Stephen Allen Watson swatson@watsonlawgroup.com
Stewart H. Foreman foreman@freelandlaw.com
William M. Lukens wlukens@lukenslaw.com

**Dated:  May 17, 2007**                                   **Richard W. Wieking, Clerk**


                                                            **By:  /s/ JW Chambers                    **
                                                                   **Elizabeth Garcia**
                                                                   **Courtroom Deputy**

**United States District Court**
For the Northern District of California